UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

MT. HAWLEY INSURANCE COMPANY,
a foreign corporation,

       Plaintiff,                              Case No.:

v.

NUVISTA HEALTHCARE INVESTORS, LLC,
a Florida limited liability company,

       Defendant.
_____/

**COMPLAINT**

Plaintiff, MT. HAWLEY INSURANCE COMPANY ("Mt. Hawley"), through its undersigned counsel, sues Defendant, NUVISTA HEALTHCARE INVESTORS, LLC ("NuVista" or "Defendant"), and alleges:

**JURISDICTION, PARTIES AND VENUE**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy is between parties that are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and cost.

2. Mt. Hawley is an Illinois corporation that maintains its principal place of business located in Peoria, Illinois, making it a citizen of Illinois pursuant to 28 U.S.C. § 1332(c)(1).

3. NuVista is a Florida limited liability company that maintains its principal place of business in Palm Beach Gardens, Florida. NuVista's sole member is NHI Investment Management, LLC ("NHI Investment"). NHI Investment is a Florida limited liability company that maintains its principal place of business in Palm Beach Gardens, Florida. NHI Investment has two member managers, Elizabeth Fago, and Paul M. Walczak, each of whom is a citizen and

resident of Florida.  Thus, NuVista is a citizen of Florida pursuant to 28 U.S.C. § 1332(c)(1).

4. Venue is appropriate in this Court because, among other things, NuVista's principal place of business is located within the boundaries of the Southern District of Florida and within one of the counties within the province of the West Palm Beach Division of this Court.

## FACTS

5. NuVista operates and manages various healthcare facilities and, from time to time, requires certain policies of insurance.

6. Mt. Hawley issued a Healthcare Organization Professional and General Liability Policy, Policy Numbers MHP0000055 and MHP0000094, along with all endorsements thereto, to NuVista as the named insured (the "Policy").  A true and correct copy of the Policy is attached hereto and incorporated herein by reference as **Exhibit "A."**

7. Under the Policy, NuVista agreed and is obligated to pay a Self-Insured Retention of $100,000.00 per Claim for every Claim under the Policy alleging a Medical Incident, and $50,000.00 per Occurrence for every Occurrence under the Policy that caused Bodily Injury, Property Damage or Personal or Advertising Injury.[1]

8. The Policy further provides, in pertinent part, that Mt. Hawley:

> will have no obligation whatsoever, either to the Insureds or to any person or entity, to pay all or any portion of the Self-Insured Retention regardless if any Insured cannot pay because of bankruptcy or insolvency of any Insureds or any person or entity or for any other reason, although [Mt. Hawley] will, at its sole discretion, have the right and option to do so, in which event the Insureds agree to repay [Mt. Hawley] any amounts so paid.

---

[1] Capitalized terms herein have the meaning as defined in the Policy.

2

9. In addition, pursuant to the Policy, Mt. Hawley has the right to, among other things, make investigations, conduct negotiations, and enter into settlement of any Claim as it deems appropriate.

10. Mt. Hawley has since received numerous Claims and Occurrences under the Policy.

11. As a result, Mt. Hawley incurred various expenses, costs, and losses to investigate, respond to, defend against, and, at times, settle certain of the Claims and Occurrences. Pursuant to the Policy, NuVista is liable to pay the Self-Insured Retention amounts applicable to such expenses, costs, and losses.

12. In fact, in or about April 2018, NuVista entered into a payment plan with Mt. Hawley to pay to Mt. Hawley certain installment payments toward the then-current outstanding balance of the Self-Insured Retention amounts that NuVista owed to Mt. Hawley as a result of certain Claims and Occurrences under the Policy. Although NuVista paid Mt. Hawley the first such installment payment, it defaulted on its agreement and failed to pay Mt. Hawley any further payments.

13. On or about April 5, 2019, Mt. Hawley notified NuVista of Claims and Occurrences under the Policy and demanded payment of $231,901.19 as the Self-Insured Retention that NuVista owed to Mt. Hawley for various expenses, costs, and losses Mt. Hawley had incurred as of that date to investigate, respond to, defend against, and, at times, settle same.

14. Since that time, Mt. Hawley has incurred additional expenses, costs, and losses as a result of additional and other Claims and Occurrences.

15. To date, the total outstanding balance of the Self-Insured Retention that NuVista owes to Mt. Hawley for its losses, costs, and expenses under the Policy is not less than $321,185.09.

16. Further, Mt. Hawley reasonably fears that it will continue to suffer losses and incur damages, expenses, and other costs for which NuVista will be responsible to pay the requisite Self-Insured Retention, insofar as Mt. Hawley faces further and ongoing liability as a result of open and unresolved Claims and Occurrences and/or other unknown Claims and Occurrences under the Policy, and otherwise will be forced to incur additional expenses, costs, and losses to investigate, respond to, defend against, and, at times, settle same.  Accordingly, Mt. Hawley's damages and losses are continuing in nature.

17. Despite Mt. Hawley's demand, NuVista has failed and/or refused to pay Mt. Hawley for the Self-Insured Retention amounts that NuVista owes to Mt. Hawley under the Policy.

18. Mt. Hawley retained the undersigned attorneys to represent it in this action, and is obligated to pay these attorneys a reasonable fee for their services rendered.

19. All conditions precedent to bringing this action have been performed or, in the alternative, have occurred or been waived.

### COUNT I
### (Breach of Contract)

20. Mt. Hawley realleges and incorporates paragraphs 1 through 19 above as though fully set forth herein.

21. NuVista entered into the Policy with Mt. Hawley.

22. Under the Policy, NuVista agreed and is obligated to pay the requisite Self-Insured Retention as a result of Claims and Occurrences under the Policy.

23. Mt. Hawley has fully performed its obligations under the Policy.

24. NuVista materially breached the Policy by, among other things, failing and/or refusing to pay and/or reimburse Mt. Hawley for the requisite Self-Insured Retention amounts that NuVista owes to Mt. Hawley in relation to the losses, costs, and/or expenses Mt. Hawley incurred as a result of Claims and Occurrences under the Policy.

25. As a direct and proximate result of NuVista's breaches of the Policy, Mt. Hawley has suffered damages in an amount not less than $321,185.09.

26. Mt. Hawley is entitled to an award of its attorneys' fees and costs pursuing this claim according to the Policy.

WHEREFORE, Mt. Hawley respectfully requests that this Honorable Court enter judgment against NuVista for breach of contract, damages, costs, interest, attorneys' fees and such further relief as this Court deems just and proper.

## COUNT II
**(Specific Performance)**

27. Mt. Hawley realleges and incorporates paragraphs 1 through 19 above as though fully set forth herein.

28. Pursuant to the terms of the Policy, NuVista is obligated to pay a Self-Insured Retention of $100,000.00 per Claim for every Claim alleging a Medical Incident, and $50,000.00 per Occurrence for every Occurrence that caused Bodily Injury, Property Damage or Personal or Advertising Injury.

29. Despite demand, NuVista has failed to pay Mt. Hawley the requisite amount of the Self-Insured Retention that it owes to Mt. Hawley under the Policy.

30. The failure to pay the requisite Self-Insured Retention amounts to Mt. Hawley in accordance with the Policy irreparably harms Mt. Hawley by depriving it of the benefit of the contractual terms and security it is entitled to, and monetary damages alone are not adequate to compensate Mt. Hawley for same.

31. Mt. Hawley has suffered, and will continue to suffer, various kinds and natures of liability, loss, costs, and expenses as a result of having issued the Policy due to NuVista's failure to honor its obligations under the Policy and Mt. Hawley's efforts to enforce the Policy's terms and conditions.

32. Mt. Hawley reasonably fears that it will continue to suffer losses and incur damages, expenses, and other costs insofar as Mt. Hawley faces further and ongoing liability as a result of open and unresolved Claims and Occurrences and/or other unknown Claims and Occurrences under the Policy, and otherwise will be forced to incur additional expenses, costs, and losses to investigate, respond to, defend against, and, at times, settle same. Accordingly, Mt. Hawley's damages and losses are continuing in nature.

33. If the requested relief is not granted, NuVista may sell, transfer, dispose of, lien, secure, or otherwise divert assets, thereby preventing Mt. Hawley's access to such assets for discharging NuVista's obligations to pay the requisite Self-Insured Retention amounts to Mt. Hawley upon demand. Such actions would irreparably harm Mt. Hawley.

34. Mt. Hawley's current monetary exposure as a result of issuing the Policy is substantial.

35. The Policy is just and reasonable and supported by adequate consideration.

36. Mt. Hawley has no plain, adequate, and complete remedy at law, and jurisdiction is invoked for specific performance against NuVista of its obligations to Mt. Hawley pursuant to the terms of the Policy, all to the end that this Court, as a court of equity, may determine issues of this action and afford Mt. Hawley a complete and adequate remedy against NuVista.

37. The performance Mt. Hawley seeks is substantially and materially identical to that promised in the Policy.

38. All conditions precedent to bringing this action and to seeking the relief requested herein have been fully performed and satisfied by Mt. Hawley and/or have been waived by NuVista.

WHEREFORE, Mt. Hawley respectfully requests that this Honorable Court enter judgment in its favor and against NuVista for specific performance, requiring NuVista to:

a. Specifically perform its obligations under the Policy;

b. Post cash or its equivalent and/or a bond or other suitable collateral to secure Mt. Hawley from and against any alleged liability, loses, costs, or expenses for which NuVista is liable in terms of the Self-Insured Retention amounts under the Policy;

c. Safeguard a sufficient amount of NuVista's assets to secure Mt. Hawley in the form of the applicable Self-Insured Retention required as a result of Claims and Occurrences under the Policy, until cash or its equivalent, or an appropriate bond or other suitable collateral is posted to adequately protect and/or secure Mt. Hawley;

d. Cease from selling, transferring, disposing of, liening, securing, or otherwise diverting assets or property, and not allow any assets or property to be sold, transferred, disposed

of, liened, secured, or otherwise diverted unless and until Mt. Hawley shall be placed in funds requested hereinabove;

e. Grant Mt. Hawley a lien upon all assets and property, including realty, personalty and mixed, in which NuVista has any interest, in order to adequately secure Mt. Hawley from and against any loss, costs, or expenses it may sustain or incur by virtue of having executed the Policy. Mt. Hawley further requests that such lien(s) remain in effect unless and until Mt. Hawley is placed in funds as requested hereinabove.

f. Pay all attorneys' fees, costs, and expenses that Mt. Hawley has incurred and/or may incur;

g. Honor all further agreements and obligations under the Policy; and

h. Grant such further and other relief as this Court deems just and proper.

## COUNT III
### (Quia Timet)

39. Mt. Hawley realleges and incorporates paragraphs 1 through 19 above as though fully set forth herein.

40. Mt. Hawley has suffered, and will continue to suffer, various kinds and natures of liability, loss, costs, and expenses as a result of having issued the Policy due to NuVista's failure to honor its obligations under the Policy and Mt. Hawley's efforts to enforce the Policy's terms and conditions.

41. NuVista is obligated to pay and reimburse Mt. Hawley for the requisite Self-Insured Retention resulting from Claims and Occurrences under the Policy.

42. NuVista has failed and/or refused to meet its obligations under the Policy by, among other things, falling and/or refusing to pay unto and/or reimburse Mt. Hawley for the

requisite Self-Insured Retention resulting from Claims and Occurrences under the Policy.

43. Mt. Hawley is entitled to have NuVista pay such Self-Insured Retention amounts before it is obligated to pay anything as a result of Claims or Occurrences under the Policy.

44. NuVista has failed and/or refused and continues to fail and/or refuse to perform its various obligations. As a result, Mt. Hawley reasonably fears that it will continue to suffer losses and incur damages, expenses, and other costs insofar as Mt. Hawley faces further and ongoing liability as a result of open and unresolved Claims and Occurrences and/or other unknown Claims and Occurrences under the Policy, and otherwise will be forced to incur additional expenses, costs, and losses to investigate, respond to, defend against, and, at times, settle same.

45. Unless the Court immediately grants the relief requested herein, Mt. Hawley will be deprived of the benefit of the contractual terms and security it is entitled to in the form of the Self-Insured Retention amounts owed to it as a result of Claims and Occurrences under the Policy before making any necessary and appropriate payments.

46. Further, if the Court does not grant the requested relief, NuVista may sell, transfer, dispose, lien, secure, or otherwise divert assets, thereby preventing Mt. Hawley's access to such assets for discharging NuVista's obligations to pay the requisite Self-Insured Retention amounts to Mt. Hawley upon demand. Such actions would irreparably harm Mt. Hawley.

47. Mt. Hawley is without a plain, speedy, or adequate remedy at law, and will be irreparably and permanently injured if this Court does not grant the relief sought below.

48. Mt. Hawley's current monetary exposure as a result of issuing the Policy is substantial.

49. Mt. Hawley's fear of further damages and loss is reasonable based on the allegations in this Complaint, and because: (a) Mt. Hawley has already suffered damages as a result of NuVista's failures under the Policy; and (b) Mt. Hawley faces further and ongoing liability as a result of open and unresolved Claims and Occurrences and/or other unknown Claims and Occurrences under the Policy, and otherwise will be forced to incur additional expenses, costs, and losses to investigate, respond to, defend against, and, at times, settle same.

50. Mt. Hawley is entitled to an award of its attorneys' fees and costs in pursuing this claim according to the Policy and Florida law.

WHEREFORE, Mt. Hawley requests that this Court enter an Order:

a. Compelling NuVista to post cash or its equivalent and/or a bond or other suitable collateral to secure Mt. Hawley from and against any alleged liability, loses, costs, or expenses for which NuVista is liable in terms of the Self-Insured Retention amounts under the Policy;

b. Compelling NuVista to safeguard a sufficient amount of NuVista's assets to secure Mt. Hawley from Claims and Occurrences under the Policy, until cash or its equivalent, or an appropriate bond or other suitable collateral is posted to adequately protect and/or secure Mt. Hawley;

c. Permanently enjoining and restraining NuVista from selling, transferring, disposing of, liening, securing, or otherwise diverting assets or property, and not allow any assets or property to be sold, transferred, disposed of, liened, secured, or otherwise diverted unless and until Mt. Hawley shall be placed in funds requested hereinabove;

d. Grant Mt. Hawley a lien upon all assets and property, including realty, personalty and mixed, in which NuVista has any interest, in order to adequately secure Mt. Hawley from

and against any loss, costs, or expenses it may sustain or incur by virtue of having executed the Policy. Mt. Hawley further requests that such lien(s) remain in effect unless and until Mt. Hawley is placed in funds as requested hereinabove.

  e. Requiring NuVista to pay all attorneys' fees, costs, and expenses that Mt. Hawley has incurred and/or may incur;

  f. Requiring NuVista to honor all further agreements and obligations under the Policy; and

  g. Granting such further and other relief as this Court deems just and proper.

             MILLS PASKERT DIVERS

             */s/ Robert C. Graham, Jr.*
             BRETT D. DIVERS, ESQ.
             Florida Bar No. 0973246
             bdivers@mpdlegal.com
             ROBERT C. GRAHAM, JR., ESQ.
             Florida Bar No. 105951
             rgraham@mpdlegal.com
             MILLS PASKERT DIVERS
             100 North Tampa St., Ste. 3700
             Tampa, FL 33602
             (813) 229-3500 (Telephone)
             (813) 229-3502 (Facsimile)

             *Counsel for Mt. Hawley Insurance Company*